ON MOTION TO DISMISS
PETERSON, Judge.
We have consolidated four appeals that challenge the executive action of the Southwest Florida Water Management District (“SWFWMD”). The executive director acted to restrict the amount of ground water that may be withdrawn to serve the Tampa Bay area public water supply system. In cases 94-1527 and 94-1540, the Westcoast Regional Water Supply Authority (“WCR”) and the City of St. Petersburg (“City”), respectively, appeal SWFWMD Executive Director’s Order 94 — 58 (Emergency Order) issued pursuant to the emergency powers authority of section 373.119(2), Florida Statutes (1993). In cases 94-1783 and 94-1821, Pinellas County (“County”) and the City appeal a final order issued by the Governing Board of SWFWMD denying their Petitions for Formal Administrative Hearing to review the Emergency Order. SWFWMD has moved to dismiss the appeals challenging the Emergency Order. We dismiss the appeals in cases 94-1527 and 94-1540 but, in cases 94-1783 and 94-1821, we vacate SWFWMD’s order denying the City’s and the County’s requests for a formal administrative hearing.
SWFWMD was created by the legislature to regulate consumptive uses of water in West Central Florida pursuant to Chapter 373 of the Florida Statutes. Section 373.119(2) authorizes the executive director, with the concurrence and advice of the governing board, to issue emergency orders without notice when a situation arises that *766 requires timely action to protect enumerated resources. When it appeared that ground water levels were alarmingly low around some of WCR’s well sites, SWFWMD’s Executive Director declared such an emergency and gave notice to the appellants.
Apparently the legislature adopted the emergency procedure in order to avoid the harm that could result from a delay in taking timely action when situations arise that threaten environmental concerns. For example, if a water control district discovered that a toxic waste spill occurred that could be a potential contaminant for a well supplying water to a community, unless the executive director of the water control district issued an emergency order preventing withdrawal from the well, the delay in following procedures complying with traditional notions of due process could spell disaster to consumers. The legislature, however, did not ignore due process when it gave authority to an executive director to summarily issue an emergency order. Section 373.119(3) provides that any person to whom an emergency order is directed shall comply immediately but may obtain a hearing before SWFWMD’s governing board “as soon as possible.” WCR and the City appealed the emergency order to this court and also sought a hearing before SWFWMD.[1]
Evidence adduced at a hearing pursuant to section 373.119(3) would provide the record that would either support the emergency order or cause it to be quashed at the conclusion of the hearing. It is only then that the administrative action would become final and subject to review. Judicial review of an emergency order would be severely restricted without the record which would be developed during such a hearing. Judicial review of the decision reached after the requested hearing would provide an adequate remedy. The adequacy of that remedy prevents judicial review of a non-final emergency order until the requested hearing has occurred. See § 120.68(1), Fla.Stat. (1993); Fla. R.App.P. 9.030(b)(1)(C), (c)(1)(C) and 9.110(a)(2).
Although this court has not yet received briefs in appeals 94-1783 and 94-1821, we find no reason to delay reaching a decision at this juncture in view of our dismissal of the other two appeals. SWFWMD’s sole reason for denying the requested administrative proceedings was its belief that it had no jurisdiction because the emergency order had been appealed to this court. This reason is inconsistent with the position taken by SWFWMD on appeal that this court lacks jurisdiction to review the non-final emergency order. We agree with SWFWMD that we lack jurisdiction; ergo SWFWMD had jurisdiction to proceed with the hearings. We therefore vacate the July 26, 1994 Final Order denying relief to the petitioners and direct SWFWMD to proceed forthwith to grant and arrange for a formal administrative hearing for the benefit of all who requested it.
CASES 94-1627 and 94-1540 ARE DISMISSED; ORDER APPEALED IN CASES 94-1783 and 94-1821 IS VACATED.
DAUKSCH and GOSHORN, JJ., concur.

. Section 373.246(7) also provides for the section 373.119 procedures for the issuance and review of emergency orders. Section 373.246(8) adopts the review procedures of section 373.119 when a person challenges an order pursuant to section 373.246(7).